UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHREE NARAYAN I INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11-cv-01481-TWP-DKL |
| | ) |
| INDIANA BANK CORP, and | ) |
| BANK OF INDIANA, N.A., | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON MOTION TO DISMISS**

This matter is before the Court on Defendant Bank of Indiana, N.A.'s ("BOI") Motion to Dismiss Amended Complaint (Dkt. 33).[1]  On August 6, 2012, the Court dismissed Plaintiff Shree Narayan I, Inc.'s ("Shree") Complaint without prejudice, and granted Shree leave to file an amended complaint.  The Amended Complaint was timely filed on August 20, 2012.  BOI again seeks dismissal, contending the Court lacks subject matter jurisdiction.  For the reasons set forth below, BOI's Motion (Dkt. 33) is **GRANTED**.

**I. BACKGROUND**

Shree is an Indiana corporation that operates a convenience store business and is owned by Tejashkumar Patel ("Mr. Patel"), an immigrant from India.  Mr. Patel's "language skills [do] not include a normal skill of reading and writing the English language."  Dkt. 32 at 4.  After moving to the United States, Mr. Patel, with the help of family and friends, started a convenience store business is Indianapolis, Indiana.  Indiana Bank Corp. is an Indiana corporation and sole shareholder of BOI, which is a National Banking Association with its principal office in Dana,

---

[1] The Motion was jointly filed by BOI and Defendant Indiana Bank Corp.  However, on April 30, 2013, Indiana Bank Corp. filed a notice of bankruptcy and on May 1, 2013, the Court stayed this action only as to Indiana Bank Corp.

Indiana. Shree alleges that Jay Reynolds ("Mr. Reynolds"), an officer and employee of BOI, made material misrepresentations and failed to disclose material information regarding the loan he issued to Shree.

In February 2007, Mr. Reynolds became the "Lafayette Community President" of BOI. Mr. Reynolds served in this capacity until February 2008, when he was terminated without cause. Subsequently, BOI discovered that during his tenure, Mr. Reynolds "made material misrepresentations or failed to disclose material information with respect to loans, including the loan to Shree[,] which is the subject of this litigation." Dkt. 32 at 2. Specifically, Mr. Reynolds valued Shree's business at $4.2 million, when, in reality, "the actual price valuation had been established at $2.8 million based on the actual purchase price." Dkt. 32 at 3. Shree also alleges that Mr. Reynolds submitted a false Customer Loan Approval Memorandum (a "CLAM") to the BOI Board of Directors Loan Committee, who approved the loan at issue as a result of the CLAM. The overvalued the loan and falsified loan documents caused Shree to suffer financial damages. Thereafter, Shree filed this action against the banks for fraudulent misrepresentation, negligent misrepresentation, promissory estoppel, breach of contract, unjust enrichment, and violations of the Equal Credit Opportunity Act.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the party asserting jurisdiction. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). In determining whether subject matter jurisdiction exists, the court must accept all well-pleaded facts alleged in the complaint and draw all reasonable inferences from those facts in the plaintiff's favor. *Id.*

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

### III. DISCUSSION

**A.     Motion to Dismiss**

BOI contends that the Court lacks subject matter jurisdiction under either Title VII of the Civil Rights Act of 1964 or the Equal Credit Opportunity Act ("ECOA"). As an initial matter, the Court notes that there is not complete diversity among the parties; thus, in order for the Court to have subject matter jurisdiction over this matter, there must be a federal claim anchoring the lawsuit. *See* 28 U.S.C. § 1331. As in its original complaint, Shree again inexplicably invokes Title VII in its Amended Complaint as the basis of the Court's jurisdiction. *See* Dkt. 32 at 4 ¶ 16. Shree states that because Mr. Patel is a minority, he is protected under Title VII which gives this Court jurisdiction over his claims. As the Court stated in its earlier Entry dismissing the original Complaint, Title VII governs employment actions. There is no allegation, nor could

3

there be, that BOI employed Shree, which is a corporation. Shree's assertion of jurisdiction on the basis of Title VII is unwarranted and this court lacks subject matter jurisdiction on this basis.

Shree also brings a claim under the ECOA. BOI argues that, to the extent Shree's ECOA claim is not time-barred by the statute of limitations, the claim must fail because it could not have discriminated based on race or national origin against Shree, because Shree is a corporation. In order to pursue an action for discrimination under the ECOA, a plaintiff must allege (1) it was an "applicant" under the ECOA, and (2) that the defendant treated the plaintiff less favorably because of its race or religion. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 538 (7th Cir. 2011). Although the Supreme Court stated *in dicta* in 1977 that a corporation has no racial identity and cannot be the target of direct discrimination, *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977), the Seventh Circuit has held that under some circumstances, "a corporation may have standing to allege racial discrimination." *Triad Assocs., Inc. v. Chi. Hous. Auth.*, 892 F.2d 583, 591 (7th Cir. 1989).

Here, however, the Court finds that it cannot decide whether Shree has acquired a racial identity and therefore may maintain an action under the ECOA.[2] That is because, "when presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *Cnty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) (quoting *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995)). Although the Court is "required to consider whether a plaintiff could prevail under any legal theory or set of facts, it will not invent legal arguments for litigants, and is not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Id.* (internal citations and quotations omitted). As the Seventh Circuit has explained, "[o]ur system of justice is adversarial,

---

[2] The District Court for the Northern District of Illinois recently addressed this question in *New La. Holdings, LLC v. Arrowsmith*, No. 11 C 5031, 2012 WL 6061710 (N.D. Ill. Dec. 4, 2012). The court concluded that the factual allegations were inadequate to establish the corporate plaintiff's racial or religious identity. *Id.* at *7.

and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response is no response." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).

Shree's response to BOI's motion consists of eight numbered paragraphs, including conclusions that its Amended Complaint is well-plead and should not be dismissed. Although Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of the grounds for jurisdiction and relief, an adequately plead complaint is not immune from a motion to dismiss. *Kirksey*, 168 F.3d at 1041. Rule 8(a) "specifies the conditions of the formal adequacy of a pleading. It does not specify the conditions of its substantive adequacy, that is, its legal merit." *Id.* The Court finds that Shree has failed to adequately respond to BOI's motion. The response is so vague and sparse, that the Court cannot find that Shree has acquired a racial identity on the record before it. Moreover, BOI has provided plausible arguments that the ECOA claim is untimely. Therefore, Shree's ECOA claim fails and the Court lacks subject matter jurisdiction over this matter.

As for Shree's remaining state law claims, the Court will not exercise supplemental jurisdiction over them. Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over all claims, such as state law claims lacking diversity, "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, district courts may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Seventh Circuit has held that "[n]ormally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over

pendent state-law claims rather than resolving them on the merits." *Sharp Elec. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) (internal quotation marks omitted). There are three exceptions to the rule:

> (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided.

*Id.* at 514–15 (internal quotation marks omitted). Here, none of the exceptions apply. Therefore, Shree's state law claims are dismissed.

**B.     Request for Attorneys' Fees**

In its reply brief (Dkt. 36), BOI requests the Court grant its attorneys' fees as a sanction under 28 U.S.C. § 1927. Section 1927 states that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." BOI contends that:

> Shree's response is void of any substance, analysis, or cogent argument. Shree and its attorney should have known after the Court's first Order on [BOI's] motion to dismiss that it did not have a cognizable claim against [BOI], but Shree proceeded with an Amended Complaint that did not correct the deficiencies noted by the Court, thereby prompting another motion to dismiss and reply to be filed by [BOI].

Dkt. 36 at 5. Although the Court agrees that Shree's response is "void of any substance, analysis, or cogent argument," *see* Dkt. 36 at 5, the Court disagrees with the remainder of BOI's argument. The Court granted Shree an opportunity to amend its claim to cure deficiencies, implicitly indicating that if well-plead, Shree's claims could have merit. Thus, it is not true that Shree should have known "that it did not have a cognizable claim against" BOI. *See* Dkt. 36 at 5. Furthermore, "[a] sanctions award requires a finding of bad faith on the part of an attorney

who 'unreasonably and vexatiously' multiplies the proceedings in a case." *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 472 (7th Cir. 2011) (citing *Shales v. Gen. Chauffeurs, Sales Drivers & Helpers Local Union No. 330*, 557 F.3d 746, 749 (7th Cir. 2009)). Based on the record before the Court, it cannot find that Shree's attorney has litigated in bad faith. Finally, BOI's request does not comply with Local Rule 7-1 which requires that "[m]otions must be filed separately, but alternative motions may be filed in a single paper if each is named in the title." For these reasons, BOI's request for attorneys' fees is denied.

## IV. CONCLUSION

Because the Court finds it lacks subject matter jurisdiction over this matter and Shree has failed to state an ECOA claim that is entitled to relief, BOI's Motion to Dismiss Amended Complaint (Dkt. 33) is **GRANTED**, but its request for attorneys' fees is **DENIED**. Shree's ECOA claim against BOI is **DISMISSED with prejudice**. Shree's state law claims are **DISMISSED without prejudice** to the extent that it may file its claims in the appropriate state court.

**SO ORDERED**.

Date: 07/10/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Raegan Mackenzie Gibson
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
rgibson@beneschlaw.com

Mark R. Waterfill
BENESCH, FRIEDLANDER, COPLAN, & ARONOFF, LLP
mwaterfill@beneschlaw.com

T. Michael Doyle
DOYLE & MALINZAK, P.C.
tmichael06t@aol.com

Jeremy M. Dunn
FROST BROWN TODD LLC
jdunn@fbtlaw.com